Case on the dot, 2-7-0-2-5-0. The public bank or plaintiff appellant needs time to disappear. It is more efficient to pass the case to the record of the former Attorney General. Michael Huffington, Jr. is the class A state treasurer. And the only attorney general to defend this case is Mr. Michael J. Smith. Mr. Smith, please proceed. Mr. Wynn. Good morning, Your Honor. Good morning. Thank you. Michael Wynn on behalf of the public bank court. Let me first thank you for granting our request to have a royal argument in this case. This case involves the only tax that the Illinois Constitution requires the legislature impose. And for that reason, it is a tax that received a lot of attention from the Supreme Court. It arose because of the abolition of the personal property tax in Illinois, which had been around since the 1800s, in exchange for a replacement tax that was to be mandated in 1979. The case law that the Supreme Court dealt with involved trust specifically. And it's interesting that we have there sort of a history of trust first trying to get out of the personal property tax under the 1870 Constitution's abolition of it and saying, hey, we're individuals. And then secondly, trying to get out of the replacement tax before it was imposed, saying we're not businesses. Like, you really don't need all of us. So those decisions are embedded in the replacement tax when it was adopted in 1979. The essence of the case is if grantor trusts are not required to pay a replacement tax, then the plaintiff erroneously deducted the replacement tax liability, correct? That's correct. Okay. Explain how we should interpret Section 205E in light of Section 201 and how 201 has changed from the original imposition of only the income tax to the present day. Section 201 has not changed except for the addition of the replacement tax. It was originally imposed on or measured by net income on individuals, corporations, trusts, and partnerships. Excuse me, individuals and corporations. Partnerships and self-checked as corporations were excluded and trusts were taxable. It was passed in 1969. The abolition of the personal property tax for individuals in 1870 did not affect that. It was changed in 1979 by the addition of Section C and D to 201, and that was the replacement tax. And what is the significance of the presence of personal property tax replacement income tax within the same act as imposing income tax? It was a choice of the legislature. When they passed the 1970 Constitution, they didn't know what replacement tax the general assembly might adopt. The Section 5C of Article 9 of the Constitution actually says if there is a tax on or measured by net income, there's certain breviage on that. So they envisioned that it might be an income tax, but they didn't know that. In fact, even in 1977 when they were litigating the Hamley case about whether the American National Trust case, about whether or not it applied to all trusts, the replacement tax had not yet been adopted. But in that case, the plaintiffs were arguing that only seven counties in Illinois imposed personal property tax on trusts, and the Supreme Court said that's not relevant because what the 1970 Constitution requires us to do, is to impose a tax on all the classes that were subject to that tax, and therefore all trusts are going to be subject to a replacement tax when the general assembly passes it. The significance of them picking the income tax to do it is that it led the Department of Revenue to make a mistake over time because they forgot the origins of the tax. The mistake over time is that as an administrative agency, it's very nice to have symmetry between both acts, and if it means one thing for one, it should mean one thing for the other. But when the Constitution says that you cannot exempt trusts from the replacement tax, you must impose it on all the classes that are subject to the personal property tax, you cannot say, well, because the federal income tax statute says that a grant or a trust are treated as individuals, we therefore exempt trusts. Why can't a tax imposed by the Act, that language, have more than one component? Or can it? Why can't it have? Yeah, can it or cannot? Cannot. I'm not sure what you mean by component. Can't it be both? Oh. If we look at 1501 B.A., which states, words importing the singular include and apply to several persons, parties, or things, how does that affect the language tax imposed by this Act? Well, at the time it was written, that particular section, the tax imposed by this Act was only the income tax. And that's the section A. When you get to the, there's a separate section for C and D that imposes the replacement tax. So, and that section says the replacement tax. When you get to section 205, which is the exemption that the Department was applying, section 205 had a provision for trusts that said, there's an exemption provided for trusts that are federally treated as though the individual is the owner of the property. That section was not amended at all when the replacement tax was adopted. So, the Department is asking you to read into that section that the tax imposed by this Act suddenly, without amendment, became the taxes imposed by this Act. Well, there are things that that language applies. It hasn't been removed. I'm sorry? The language, words importing the singular include and apply to several persons, parties, or things. That hasn't been removed. That has not been removed, but this is not a person, it's a particular thing. This is a tax. Should public policy play any role in our analysis? Absolutely, it should. Public policy should play, public policy is expressed in the Constitution, plays a role in the analysis. And we can go back to those cases, I think it plays into this. The law on grantor trusts at the federal level had been around since the 40s, since before then. It then became clear that when the Supreme Court looked at whether or not to determine whether they were exempted under the 1870 Constitution, when the property tax were abolished, it didn't look or incite a single federal case, didn't discuss a single federal tax principle. And the reason for that is because Illinois law had never looked to that. The personal property tax was around before there was a federal income tax. So, the only thing that had been applied was how the state views trusts, and they did not view the trusts to be a natural person. Then they made one exception. In the first case with Lake Shore Auto Parts case, they made one exception and said, in the second case, there is an exception. Trusts that were imposed by law on individuals that cannot take care of themselves, where they are not able to exercise their rights over property, those trusts are exempted so that they are going to be treated like individuals when they abolish the tax on individuals under the 1870 Constitution. When the abolition of the personal property tax in 1970, we were now dealing with trusts that we knew were all non-natural persons, every single one of them, including the Grantor Trust. And the Supreme Court had a third chance to say that some trusts would be exempted, and it said no, we would tax the entire class. So, for the Department to come in now, so many years later, and say that Section 205E, which originally exempted Grantor Trust from the income tax, suddenly included Grantor Trust to exempt it from the replacement tax, is patently false. That's not what was endeavored. The one thing the General Assembly knew it could not do, having had 10 years of litigation, was exempt trusts from the replacement tax. So the question is really whether the fact that the trusts do not pay tax when they're treated as Grantor Trust federally, does that mean that they're not subject to it? And we know the legislature told us otherwise. The subtraction modification that's at issue in this case is 203B2S, and it grants an induction to subject or its corporations that distribute to another entity that's subject to the trust, to the tax. However, they said – No one ever paid the tax. I'm sorry? No one ever paid the tax for which these inductions were taken, right? That's not correct, Your Honor. They don't pay the replacement tax, but the individuals – Pay the income tax, but not the replacement tax. That's correct. And when you make a distribution to a corporation, the corporation will pay replacement tax. That's the whole reason for the deduction. You're going to make a deduction to somebody that is subject to the tax as well, and you're going to have it paid at that level. Nobody was exempted for that, and that includes – and this is extremely relevant – the General Assembly said that the deduction includes amounts allocable to organizations exempt from federal income taxation by reason of Section 501. So the General Assembly knew when it did that deduction that it was allowing a deduction to be taken for money that was going to be distributed to an entity that's not going to pay tax at all. So subject to tax does not mean that you have to pay tax. The General Assembly told us that in the various deductions that we're talking about. So none of the things have changed from 1969 to 1970 to 1979 with regard to how grantor trusts are treated federally, and the Supreme Court did not look at federal taxation at all to determine how it should be treated. The only thing I could identify that changed was that in 2010, the Department of Revenue amended a regulation that defined trusts, corporations, and partnerships. It's a good thing to do. They already – that regulation, which is 19750, already had a definition for trusts, and it already said that pursuant to Section 102, an entity treated as a trust – a federal income tax provision under the regulations is a trust for all purposes under the Income Tax Act. But it added one sentence. There had been no change in the statute that required this. This is just a clarification. It added a sentence that says similarly, a trust whose asset activities and income are treated as belonging to its grantor for federal income tax purposes under the grantor trust provisions is not treated as a trust for all income tax purposes. Now, that regulation was merely clarifying the definition. It was not adding anything new. It was not adding anything that didn't exist in 1969, 1970, 75, 77, any of the years that happened here. So the only difference was that auditors now looking at a regulation would see this sentence in there, and when they go to look at the subtraction – Let me go back to something you said in response to a question from Justice Burkett, and that was – I think he asked if there had been payment on behalf of these grantor trusts, and I believe your response was not specific, but related to the payment of corporate shareholders, am I? So am I correct in what I remember? If you made reference to corporate trust, not grantor trust, of private individuals? No, I was referring to the fact that corporations pay the replacement tax when a distribution is made to them. In the case of these particular trusts, when they're grantor trusts, they are subject to the replacement tax, but their tax base – because of the way the Act is written, the tax base winds up being zero. But that's the same for corporations that have a net operating loss. It's the same for a lot of taxpayers that are subject to the tax and happen to have zero and pay no tax. Okay, so the point that I'm getting at is the answer is you took a deduction in a certain amount of money based upon what the hypothetical value would have been, even though, as you just said, the assessment would have been zero because apparently they're exempt? Well, we're talking about income tax. So the deduction was for the amount of money distributed to the grantor trusts, which we argue are not exempt, but when they go to figure out their return, if they were to follow the instructions, they would come out with zero and pay no tax. If those grantors happened to be individuals, they would then prepare their individual income tax return and figure out what their tax was, and they would pay that tax. I once wrote a decision relating to a class action, I believe in Winnebago County, where someone was claiming that they were entitled to attorney's fees for representing an entire class of people, mostly farmers, who had parcels of property on their farms that were assessed at zero value because they were worthless for purposes of farming, meaning that they were hollows or depressions or a swamp that only manufactured or rendered mosquitoes and other insects. And I believe in that case I suggested that zero doesn't necessarily relate to exempt. And it seems like you're making kind of the same argument. Is that correct or not? No, it is not, because in fact what's really odd about this case is the state that's arguing that we're exempt. We're arguing that we're taxable. We have said that we were required to be taxable under the replacement tax by the Constitution, and the only difference is that the General Assembly never changed the basis of the tax from net income. Our net income, as you compute it, happens to be zero. We're also not saying that we're entitled to that forever. The General Assembly could come back before the end of this month and say, grantors are going to pay a minimum tax, minimum replacement tax, or it could say you're going to pay the full replacement tax because you're not going to be allowed to make a deduction for that. We have no problem with that. But the way it's written right now, when you compute the tax, it's zero. There was a cliché amongst others in college. When something was illegal, we said sick bird instead. And there was another cliché, which is they're the same, only different. And that's what it seems like you're saying. Is there the same, only different? Am I missing something or not? Or maybe they're different, only the same. Well, we are no different than any corporation that happens to have a loss in that year and doesn't pay the tax. We're no different than any partnership that computes its liability and has no tax due. We're no different than the 501 exempt entity that's written into the deduction modification that is allowed to not pay tax, and yet we are allowed to make a distribution to them that reduces our replacement tax if we're a subject-risk corporation. So we're no different than other entities that the general assembly recognized could be subject to the tax and yet pay no tax. I can understand if supposedly the corporation has got zero income or a negative income, and you claim that they should not pay any tax even though they're taxable or not exempt, and that you therefore should be treated like them even though you are actually accruing income that is distributed by the bank or the subject-risk funneling it through you. So are you the same, only different, or are you different, only the same? Because you claim to be the same in the sense that you're both taxable, but you're different in the sense that one doesn't have any taxable income assets or otherwise, but you do. We're different for a question Justice Burkett asked, which is this policy matter. We're different because the Constitution required the general assembly to tax all trusts, and it did not have the authority to exempt us. If they want to go back and fix the statute and say you should also pay it, we have no argument about that. But they didn't change the tax base, and it just works out to zero. And the trial court, although we look at this de novo, said that that would be an absurd result. The trial court said that would be an absurd result? She said that would be an absurd result, and I'm sure this is what the department thought as well, but when you consider what the Constitution requires, it just so happens that's the result. The legislature can amend that. I'm not saying it's an absurd result. It's the result that was intended. Had they changed the tax base, we would have paid a tax, but that's not within our control. That's just the way the legislature wrote the statute. Thank you. You'll have an opportunity to make your vote. Good morning, and may it please the court, counsel, I'm Assistant Attorney General Evan Siegel on behalf of the state defendants. Your Honors, this court should affirm the decision of the circuit court granting summary judgment because the plain language of Section 205E of the Act exempts grantor trusts from paying any replacement taxes. And the consequence of that, as a number of you have noted, is that the shareholder's parent corporation, the public bank corp, has no basis to take a corresponding deduction of more than $642,000 for taxes that the shareholders were not required to pay. Now, this is a pure question of statutory law, and when the court faces such a question, there is no reason to look to extrinsic sources of law. By the same token, the trial court's rationale, is that important? The trial court's rationale on the meaning of the tax? Yes, it's the nub of the debate here, Your Honor. Counsel, I'm sorry, counsel argued that the Constitution didn't exempt them, and you're saying the statute did. How do you respond to counsel's argument that these entities really are subject to the tax, however, because of the way the wording is now, that they just pay no tax? I mean, why shouldn't that be how we look at this? Well, I have two responses, Your Honor. One is the pure language of the statute, but I think you're asking me to talk about how the Constitution operates here. There's a fundamental misconception advanced by Republicans. And it's this idea. It's the idea that because some entities once paid ad valorem taxes, that all such entities, 100% of them, not 99% of them, must now pay replacement taxes, that there must be this 100% concordance. But there's nothing unconstitutional about a statute that's hexed as a unique category of taxpayers. And all that Article IX, Section 5C requires is that only former payers of ad valorem taxes must now make up the lost revenue. But we know that in reality, if ad valorem taxes added a billion dollars to the state's coffers, the exact same amount, which is what the Constitution, I think, is getting, is not necessarily going to result from a replacement tax. There's going to be some variance. But what's critical is that new categories of taxpayers cannot pay. But that's not grantor trusts. They did pay ad valorem taxes. The Constitution does not require that each and every category that once paid must be forever obligated to pay. And the Constitution is silent on the General Assembly's ability to impose exemptions, which is right in the title of Section 205E, and that's what it accomplishes. The General Assembly had leeway to carry out constitutional mandates, as the Supreme Court held in the Continental Illinois Bank trust case versus Zabel. And the Constitution is silent on whether grantor trusts could be exempt or not exempt. And this is really critical. And I think they're making an unconstitutional as applied argument vis-à-vis our decision, the Department's decision to issue deficiency notices. A statutory provision is not unconstitutional as applied because it's under-inclusive in exempting a type of taxpayer from paying taxes. Well, it's a type of taxpayer, but it's also a trust. Yes. Is it sufficient constitutionally to impose a replacement tax on a class that being trusts while exempting members of the class grantor trusts? Your argument is that that's part of the leeway that Zabel talks about. Yes, exactly. And I think their argument boils down to something quite odd that I don't really recall ever encountering. Republic is saying that there's a constitutional right to pay taxes. Grantor trusts have a constitutional right. They must pay taxes. I'm not aware. Who paid taxes? Two paid taxes. Pardon? Did they pay taxes? I'm not aware that there's anything in the record that shows that the grantor, the seven grantor trusts paid replacement taxes. The only tax issue here. Well, whatever tax that was, was somewhere in the area of $642,000. Because that's roughly the deduction. I assume that using equivalencies, whatever the replacement tax was that they didn't pay was determined to be $642-some-thousand, which was then subtracted from the liability. That's right. Counsel talked about payment of income taxes earlier. The record is not entirely clear on the total amount of income taxes that were paid. Our deficiency notice goes to the lack of payment of replacement taxes by the seven grantor trusts, which led to, as Your Honor said, an incorrect deduction. Republic concedes, really, that there's no constitutional right to pay taxes because in its reply brief at page 8 it states that differential tax treatment of different types of entities does not offend the Constitution. That means that grantor trusts can be exempted from replacement taxes, even if other entities are not. Isn't it possible that you have a constitutional right to pay taxes if either the Constitution or a statute requires you to? Because if there wasn't a right to pay taxes and the penalties were the expropriation or appropriation of your property for failure to pay, wouldn't you be entitled under the Constitution to pay those taxes to prevent the taking of the property that was subject to the taxation? I suppose you could pay the taxes to avoid the taking, but I don't know that there's a constitutional right to pay taxes. There's a constitutional right to be compensated for a taking with due process of law with a fair value of the taking. Make no mistake, I don't urge the Court at all to go into any extrinsic A's, including constitutional analysis, because I think the language of 205E is quite clear. Do the Department's regulations matter at all to us then? Yes, it does. Why? Well, it's one of the reasons. There's a number of reasons why 205E specifically makes clear that grantor trusts are exempt. The regulation that counsel referred to reflects federal law. Is the regulation an extrinsic A? It's not as extrinsic as where the public is asking us to go to look at the Constitution and these decades of history, because it's a regulation that tells us how to interpret the statute of issue, which is 205E.  But if the Court is inclined to look at constitutional history, I didn't cite this in my brief, but the Sixth Constitutional Convention transcripts on the discussion of the replacement taxes in place of the ad valorem taxes makes clear that the concern is about taxing in this new world of replacement taxes, broadening the base of tax and imposing a tax on a category that was previously not included. Not the reverse. And what the Republic is complaining about is the reverse, abating taxes for those who were previously paid. And that's page 3,888. Did the regulation that Justice Burkett was referring to and you were responding to, based upon that regulation, does the Department treat generally grantor trust as exempt and, therefore, when the Department, as a practice, audits these types of transactions or reportings, is consistent in determining that there is no tax due and questions whether or not there is a deduction based upon a non-exemption but a non-liability? Let me try to answer it this way. And if I didn't get the nub of it, let me try again, Your Honor. In this case, what flagged the notice of deficiency was the attempt to link the deduction to the payment of the alleged payment or the idea that the grantor trusts were on the hook for replacement taxes. They were taking a deduction for what the regulation said was an exemption. And the statute. Correct. The statute and the regulation categorically, 205E, does not allow grantor trusts, such as the seven shareholder grantor trusts, to take an exemption. So the 203B2S, allowance of a deduction for an income distribution, categorically doesn't apply when a grantor trust is involved. Should public policy, presumably to maximize revenue available, be part of our analysis? Not necessarily. It's really for the legislature or the Supreme Court, correct? Public policy is at issue because the General Assembly has made the decision in its discretion, because of its leeway, to interpret and apply a constitutional amendment to exempt grantor trusts from paying replacement taxes. And I just wanted to add to the question about the importance, the significance, of the regulation. There are a number of reasons why we know that the words the tax in Section 205E refer to the replacement tax as well as the income tax, which I think is the hinge in a certain court's opinion. First, there's no such statutory section called the Replacement Tax Act. It resides in the Income Tax Act. That's where the General Assembly placed it. And, moreover, even if we don't think about the replacement tax as the full equal of the Income Tax Act, if we think about it as a subcategory of income tax, Section 201A states that the act applies to income taxes and, in addition, all other occupation on privileged taxes. And replacement tax can be thought of as a privileged tax. Second to your question earlier, Justice Burkett, we know from the statutory guide that words like the tax in the singular, when they denote numbers, refer also to the plural. The terms the tax and the taxes refer to one tax or multiple taxes. And beyond that, there's a catch-all in this statutory guide that says and so forth. So the tax means the taxes. And as I think I alluded to earlier, there's a critical reason why 205B exempts grantor trusts, and that's a federal law which provides that grantor trusts are disregarded entities. Items of income, deductions, and credits are owed by the individual grantor, about whom we don't know much on this record, and are paid by that individual grantor, not the trusts to whom that grantor makes the distribution, and that's 206B. So does the federal tax law place the tax liability for the grantor trust on the grantor individually? Yes. So there's not a double taxation? Correct. There's a single taxation? On the grantor, on the individual grantor. And Section 205B incorporates that federal law. In this instance, Republic is not owned by the grantor in his individual or their individual capacity. The shareholders are a trust and not the settlor. We don't know from this record about the grantor's relationship to Republic that I'm able to discern. We know that these seven shareholders are shareholders of Republic Bank. Whether they are the full and complete amount of shareholders, I can't speculate, but they are seven shareholders in Republic, and we don't know. But the shareholders are a trust or trusts. They are not the settlor of those trusts. I believe that's correct. If there are no further questions, Your Honors, we would ask, we do ask that the Court affirm the Circuit Court's decision. Thank you. Thank you. Mr. Siegel. No. Pardon me, Mr. Winn. You win. Let's hope so. It's critical to be precise in what we're arguing about here. Be what? Be precise. Because the Department keeps saying an exemption, and we're not arguing for an exemption. The Department has asked for an exemption. It's asking you to say that Section 203, excuse me, 205E exempts grantor trusts from both taxes. That section was not amended in 1979. The one thing I do know about exemptions is they're going to be strictly construed in favor of taxation. So you're being asked to infer that the legislature looked at that section, did nothing, but somehow worked to divine that even though they changed not a word, they exempted an entire new act, even though they put it within the Income Tax Act. That was their intention. Every presumption should be against that. If you're correct and they're taxable, and you claim that their tax liability is zero, how do you reconcile a big zero with a deduction of some $640,000? Well, when you take a deduction, you see who you're making the distribution to. Is it a trust? Then it's subject to replacement tax. Is it a corporation? Subject to replacement tax. That's the only thing you need to know to make a deduction. For one thing, you can't know what they're going to pay. They can't prepare their return until they get the distribution from you. So you would have to guess what their tax liability is going to be in order to say, well, are you going to pay or are you not going to pay? I'm guessing they didn't pay. Well, if that was relevant, this was decided on cross motions for summary judgment. The Department of Revenue filed cross motions. We did not do anything other than say, here's a return from the public bank, and here's what the audit was. We did not even disclose the name of the trusts that were shareholders. The Department looked at its own records and did that. So, obviously, they had the information to make any tax information relevant to this case part of the record. They chose not to. So I have to assume that it was not relevant, and a cross motion for summary judgment, it's simply a question of law. But I go back to the exemption because we're not arguing for exemption. And you asked about public policy. Public policy goes both ways. There has not been a single exemption that's been, to my knowledge, that's been drafted specifically for the replacement tax. It would be great for the General Assembly to find out that it is now able to do exemptions from the replacement tax. They haven't done that. And it goes outside the record to say what the purpose of the replacement tax was in terms of whether it was for a new taxpayer or not. But the case law is there that they intend to replace the amount of revenue so they can be protected. But they also intended, and it's written right in Section 95C, that the class of people who are being relieved of the burden be taxed. Is there a chronology such that it makes it impossible for the grantor trust, if there is a liability, to pay and then your client, the bank, gets to determine what the amount of the liability was? In other words, are deadlines putting the cart before the horse, or is this not even an issue? Or if it is an issue, it's immaterial? There's more practicalities than that. I, as a partner, can't prepare my tax return until I get a K-1 from my partnership. I don't know what my income is going to be. I don't know what I'm able to deduct. So if we apply the same principle there. Why did you ask for an extension instead of coming up with $642,000? Well, there's no requirement that I ask for an extension. There's no requirement I ask for an extension. If I have the information from my K-1, or in this case, I have the… I'm not talking about you. I'm talking about the problems that you're relating between the bank and the grantor trust. Well… That supposedly has a tax liability of zero, but you come up with $640,000. Now, I'm assuming that your claim that the tax liability is zero, or maybe I'm misunderstanding you. Maybe you aren't claiming the tax liability is zero. Maybe you're claiming that the tax liability is nefariously vague, and you don't know what it is. No, Your Honor. So therefore, you're just going to pull a prime number out of somewhere in this $640,000 range? Taxes exist by virtue of statutes, forms, and regulations. So the liability is zero because the legislature chose to make the taxable income the base for the tax. So first I'm subject to tax, then I look at the base. The base is taxable income. It just so happens that taxable income for a grantor trust, the way it's written in the Illinois Income Tax Act and the replacement tax, happens to be zero because federally they're treated as individuals. So that is purely a question of how they wrote the legislation. And there's not been a form of regulation or anything that tells taxpayers when they prepare their returns that they should figure out whether they have an amount that is due before they prepare their return. That's not required. They want to do that, but that's not the law in these years. Okay. Any other questions? Thank you. We'll take the case under advisement. We're going to take a recess. There are other cases on the call.